Dear Ms. Alcock:
We received your request for an Attorney General Opinion regarding the interpretation of La.R.S. 40:1721 et seq. You particularly question the application of La.R.S. 40:1728(A) as it relates to the applicable standards referenced in the International Residential Code (IRC), adopted by the State Uniform Construction Code to existing buildings, homes, or structures.
As indicated in your request, the exact requirements necessary for compliance with R.S. 40:1730.28 have created confusion and consternation at the local level. As a result, the Terrebonne Parish Permitting Office has consulted with the Office of the State Fire Marshall, who has determined that, the applicable standards (which include engineered foundation plans, soil borings, etc.) for elevations must be complied with by both new and existing homes. As such, this interpretation has an immediate impact for some of the local residents, because securing and complying with the mitigation elevation standards for existing homes has proven to be cost prohibitive.
The Louisiana Legislature enacted Act 12 of the 2005 1st Extraordinary Session, codified at R.S. 40:1730.21 et seq., which provides for mandatory adoption and promulgation of nationally recognized codes and standards as the State Uniform Construction Code. More specifically, Act 12 provides for adoption of emergency wind and flood mitigations applicable to the eleven Louisiana parishes that were declared federal disaster areas as a result of the widespread damage caused by Hurricanes Katrina and Rita. *Page 2 
The statutory language in Act 12, which referenced the applicable standards for regulation of construction, did not specifically exclude existing homes, buildings or structures. In fact, the language simply stated, "The applicable standards referenced in that code are included for regulation of construction within the state."[1] The broad language in this statute gives rise to your inquiry, as to whether the standards adopted by the State Uniform Construction Code shall be applicable to existing homes.
More recently, the Louisiana Legislature has amended and reenacted R.S. 40:1730.21 et seq. in Act 335 of the 2007 Regular Session, which is pertinent to your inquiry. A careful review and analysis of the new statutory language will answer the extent to which mitigation elevations apply. In its current form, the statute which codifies the state uniform construction code in La.R.S. 40:1730.28, provides in pertinent part:
 A. The council shall adopt and amend only the latest editions of the following as the state uniform construction code:
 * * *
 (3) International Residential Code, not including Parts I-Administrative, V-Mechanical, VII-Plumbing and VIII-Electrical. The applicable standards referenced in that code are included for regulation of construction within this state. The enforcement of such standards shall be mandatory only with respect to new construction, reconstruction, additions to homes previously built to the International Residential Code, and extensive alterations; however a municipality, parish or regional planning commission my enforce Appendix J of the code at its option. The appendices of that code may be adopted as needed, but the specific appendix or appendices must be referenced by name or letter designation at the time of adoption, with the exception of Appendix J, Existing Buildings and Structures, which shall not be adopted by the council and may be adopted and enforced only at the option of a parish, municipality or regional planning commission. (Emphasis added.)
La.R.S. 40:1730.28, clearly states that the enforcement of these standards shall be mandatory only with respect to newly constructed homes, reconstructed homes, additions to homes and extensive alterations. The amended language provides clarity as to whether or not the standards in the IRC, are to be made *Page 3 
applicable to existing homes. We are of the opinion that the referenced standards in the IRC, do not apply to existing homes.
In further review of the amended language, we believe that it is important to bring to your attention, that Act 335 also addresses the adoption of the appendices of the IRC, which has some bearings on your inquiry. The State Uniform Construction Code is enforced by the State Uniform Construction Council (the "Council"). The adoption and enforcement of the appendices by the Council is permissive with the exception of Appendix J, Existing Buildings and Structures. This particular appendix requires application of the standards provided for in the IRC to existing homes, buildings or structures. Act 335, specifically prohibits Appendix J, from being adopted by the Council. The Act does provide however, that a parish, municipality, or regional planning commission may adopt Appendix J, at its own option. As a result, should the Parish of Terrebonne choose to adopt this particular appendix, the applicable standards referenced in the IRC would become applicable to both new and existing homes and give rise to a possible constitutional challenge.
It is important to note that, "[s]ubstantive laws either establish new rules, rights, and duties or change existing ones."[2] The general rule of law is, "[i]n absence of contrary legislative expression, substantive laws apply prospectively only."[3] Substantive laws are not applied retroactively in the absence of language showing contrary intention. Additionally, even when the Legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would disturb vested rights or rights that have already been realized.[4] Thus, a retroactive act that impairs an obligation or disturbs a vested right is unconstitutional.
Here, prior to the amendments made to La.R.S. 40:1730.28, the standards of the IRC did not apply to the owners of existing homes when their homes were originally constructed. However, as a result of the recent amendments made in Act 335, should a parish, municipality or regional planning commission choose to adopt and enforce Appendix J, by the authority of La.R.S. 40:1730.28, existing home owners would be required to apply the standards referenced in the IRC to their existing homes. The issue then becomes whether the vested right of the existing home owners, will be disturbed.
It is the opinion of our office, that after further examination of La.R.S. 40:1730.28 as amended, it is substantive in nature, and therefore may only be applied *Page 4 
prospectively. Further, even if the statute were determined to be retroactive, it is more than likely to impair vested rights of existing home owners, and thus, adoption and enforcement may give rise to a constitutional challenge.
We hope the foregoing is helpful to you. Should you have any further inquiries in which we may provide assistance, please contact this office.
 With the kindest regards,
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ LaTonya L. Ozene Assistant Attorney General
 CCF, Jr:LLO/lbw
[1] Act 12 of the First Extraordinary Session, 2005.
[2] St. Paul Fire Marine Ins. Co., 609 So. 2d at 817; Utterly-Jamesof Louisiana, Inc. v. State, Division of Admin., Dept. of FacilitiesPlanning and Control, 593 So. 2d 1261, 1265 (La.App. 1st Cir. 1991).
[3] Louisiana Civil Code Article 6
[4] La.C.C. art. 6; La.R.S. 1:2.